**ST. LOUIS HOUSING AUTHORITY,**
**(Plaintiff) Appellant,**

v.

**Byron GORDON et al., Defendants,**

**Francis S. Montgomery, (Defendant)**
**Respondent.**

**No. 31379.**

St. Louis Court of Appeals.

Missouri.

Sept. 25, 1964.

Irvin Dagen, Edward C. Cody, Donald Gunn, St. Louis, for plaintiff-appellant.

Thomas R. R. Ely, St. Louis, for defendant-respondent.

GEORGE P. ADAMS, Special Commissioner.

Plaintiff-appellant condemnor appeals from an order sustaining defendant-respondent landowner's motion for a new trial.

On December 30, 1960, a Commissioner's award was made in favor of defendant in the amount of $10,900.00 for damages sustained in the taking of her property by plaintiff.

On trial of exceptions filed by both parties the evidence of market value of the property was $14,000.00 to $14,500.00, $8,200.00, $7,000.00 and $6,900.00.

Over objection of defendant, the court permitted a field supervisor of real estate appraisers connected with the St. Louis City Assessor's office to testify that for the year 1960 defendant's property was assessed for tax purposes at $3,200.00.

The jury returned a verdict for $10,000.00.

The trial judge sustained defendant's motion for a new trial on the ground the court

erred in admitting evidence as to the assessed valuation of defendant's property.

Appellant says that the trial court erred in sustaining the motion for a new trial, " * * * for the reasons that the assessment was thoroughly explained, the Defendant had the opportunity to cross-examine the assessor, assessed valuation was distinguished from fair market value, and the Jury was not misled by the admission of this testimony into evidence."

This question has long ago been settled in Missouri. In Kansas City & G. Ry. Co. v. Haake et al., 331 Mo. 429, 53 S.W.2d 891, 84 A.L.R. 1477, the Supreme Court held that testimony of the assessed valuation of property for tax purposes was incompetent and its admission was prejudicially erroneous.

To avoid the lethal consequences of this case, plaintiff points out (with emphasis supplied by it) that the Court stated, on page 892 of 53 S.W.2d: *"Unless there is something to take this out of the general rule,* we think the objections to this evidence should have been sustained" saying that by this language the Supreme Court "left open" the question of admissibility of such testimony "under other circumstances."

The "somethings" or "other circumstances" that "take" the instant case out of the general rule suggested by defendant are:

First, since one witness used the "income approach" in arriving at value and stated that taxes would have to be considered, then, upon ascertaining the amount of taxes a buyer could " * * * figure out the assessed value." While this justification for admitting evidence of assessed valuation appears somewhat nonsensical, the same "reasoning" would, nevertheless, have applied to the facts in the Haake case. Further, the same "buyer" could also check the real estate records and might find where the property had recently been sold for a price below its market value at auction under the hammer, or had been recently purchased by an heir at an exorbitant price because it was the old family homestead. These transactions and the prices paid might well have been "discovered", but they would not reflect "market value" and would have been incompetent.

Next, plaintiff says that the witness testified that assessed valuation for tax purposes was not true market value, and it then "reasons" that that "thoroughly explained" the assessment and "distinguished" assessed value from market value and the jury were not misled. Testimony that one value is *not* the value to be considered as the measure of damages does not erase the effect of the irrelevant and incompetent evidence, or excuse its initial admission. In Haake, the assessor at least tried to relate assessed valuation to market value by testifying that it was only "40% of market value", but the Supreme Court held that that did not cure the objection to the testimony.

Third, plaintiff states, " * * * defendant had the opportunity to cross-examine the assessor * * *." In Haake, also the assessor took the stand and was subject to cross-examination. The objection to this evidence is that the value was for tax purposes and not its value on the market. It simply was not evidence of market value. As plaintiff's witness testified, it was for "tax purposes, but not for selling or buying" and that he "wouldn't have any knowledge of what anyone would pay for it." His own testimony showed that he was not competent to testify as to the value to be considered in arriving at the measure of damages. The right of cross-examination is not adequate protection against this irrelevant and incompetent evidence—evidence that should not have been admitted in the first place.

Finally, plaintiff says, the jury "was not misled by the admission of this testimony into evidence," for the reason that since plaintiff's witnesses placed values of $8,200.00, $7,000.00 and $6,900.00 on the property and the jury returned a verdict for $10,000.00 the jury gave the $3,200.00 assessment figure "no weight." It is sufficient to note that in Haake the Court said, on page

894 of 53 S.W.2d: "* * * The fact that the damages awarded were greater than was justified by the assessed valuation does not prove that this evidence had no effect on the jury, as the same might be said as to the evidence of several other witnesses on the value. * * *"

There are no "other circumstances" present here taking this case out of the general rule announced in the Haake case.

The admission of this testimony was prejudicially erroneous and the learned trial judge very properly sustained defendant's motion for a new trial. His action in doing so should be affirmed. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by ADAMS, Special Commissioner, is adopted as the opinion of the Court.

The order of the trial court granting defendant a new trial is affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.